UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
AUDELIZ FONTANEZ,                     :
                                      :
        Petitioner,                   :    Civ. No. 18-12382 (NLH)
                                      :
    v.                                :    OPINION
                                      :
UNITED STATES OF AMERICA,             :
                                      :
        Respondent.                   :
_____:

APPEARANCE:
Audeliz Fontanez, No. 49542-066
Lewisburg Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17838
     Plaintiff Pro se

HILLMAN, District Judge

    Petitioner Audeliz Fontanez, a prisoner presently

incarcerated at the Lewisburg Federal Prison Camp in Lewisburg,

Pennsylvania, brings this Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Petition")

seeking to challenge the execution of his sentence.  ECF No. 1.

Petitioner's sole grievance raised in the Petition is that he

has been confined in excess of his maximum term because the

Federal Bureau of Prisons failed to calculate correctly his

federal sentence, which he alleges does not account for time

spent in state custody.  For the reasons that follow, the

Petition will be summarily dismissed without prejudice.

BACKGROUND

Petitioner was originally sentenced by this Court to eighteen (18) months imprisonment for a violation of supervised release. See No. 15-cr-37, ECF No. 11 (judgment of conviction). The Court ordered the sentence to be served consecutive to the state court sentence he was serving at that time in the State of Maryland. See id. In the Petition, Petitioner contends that the eighteen (18) month sentence he is currently serving was served previously when he was in state custody in Maryland. No. 18-cv-12382, ECF No. 1 at 3-5. He requests his immediate release. Id. at 11.

STANDARD OF REVIEW

Rule 4 of the Rules Governing § 2255 Proceedings requires the Court to sua sponte dismiss § 2255 petition without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255, Rule 4. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (§ 2255 motion may be summarily dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

DISCUSSION

The Petition must be summarily dismissed without prejudice because Petitioner cannot challenge the execution of his sentence via 28 U.S.C. § 2255.

Relief under 28 U.S.C. § 2255 is limited to circumstances in which the petitioner asserts that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Petitioner fails to challenge the substance of his conviction or sentence in the Petition. Instead, he asserts that his sentence has been miscalculated, which challenges the execution of his section.

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  See Zayas v. INS, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241").  In order to challenge the execution of his sentence, Petitioner would need to bring his claim for relief by petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241[1] as this Court is without jurisdiction to consider a challenge to the execution of his sentence pursuant to 28 U.S.C. § 2255.

CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate Order follows.


Dated:  September 28, 2018         s/Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

[1] A petition brought pursuant to § 2241 must be brought in the prisoner's district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).